UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HANS G. KOCH,

    Plaintiff,

v.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

    Defendant.

CASE NO. C05-0842RSM

ORDER GRANTING SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on defendant's motion for partial summary judgment regarding plaintiff's bad faith and consumer protection claims. (Dkt. #16). Defendant argues that plaintiff has failed to demonstrate either bad faith or a violation of the Washington Consumer Protection Act ("CPA"), because it had a reasonable basis for denying coverage, and because plaintiff cannot demonstrate a duty by defendant to investigate his claim prior to the date it was tendered. Plaintiff responds that defendant violated several provisions of the Washington Administrative Code ("WAC"), which constitute *per se* violations of the CPA, breached its duty to defend, failed to properly investigate his claims, and acted in its own interests instead of that of the insured. (Dkt. #23).

ORDER
PAGE - 1

1   For the reasons set forth below, this Court finds that plaintiff has raised issues of material fact with regard to his claims of delay and lack of notification; however, because the denial of coverage based on the "insurer versus insurer" clause was reasonable, plaintiff's claims must be dismissed.

## II. DISCUSSION

### A. Background

This Court has set forth the relevant factual background in its previous Order granting defendant's Motion for Summary Judgment pertaining to scope of coverage. (Dkt. #28). To the extent that any other facts are relevant, they will be incorporated in the discussion below.

### B. Bad Faith and Consumer Protection Act Claims

Whether a particular action gives rise to a Consumer Protection Act violation is a question of law for the Court. *Leingang v. Pierce County Medical Bureau, Inc.*, 131 Wn.2d 133, 150 (1997). Whether an insurer acted in bad faith is a question of fact. *Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 486 (2003). However, questions of fact may be determined as a matter of law if reasonable minds could reach but one conclusion. *Rizzuti v. Basin Travel Serv. of Othello, Inc.*, 125 Wn. App. 602, 622 (2005). In order to maintain a bad faith claim, plaintiff must show that the claim denial was "unreasonable, frivolous, untenable or unfounded." *Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 484 (2003); *Kirk v. Mt. Airy Ins. Co.*, 134 Wn.2d 558, 560 (1998); *Leingang*, *supra*, at 155-56. Additionally, Washington courts have a long history of rejecting both bad faith and CPA claims when "there is a debatable question regarding coverage for the loss." *See Capelouto v. Valletv Forge Ins. Co.*, 96 Wn. App. 7, 22 (1999); *see also Keller v. Allstate Ins. Co.*, 81 Wn. App. 624, 633 (1996).

In the instant case, plaintiff asserts that several actions by defendant demonstrate bad faith and *per se* violations of the CPA. First, plaintiff argues that defendant failed to conduct a reasonable investigation. This argument appears to present two contentions: (1) that defendant

ORDER
PAGE - 2

failed to properly investigate plaintiff's claims prior to his tender of the claim for attorneys fees; and (2) that defendant failed to investigate in a timely manner once plaintiff tendered his claim.

The Court finds plaintiff's first contention without merit. Plaintiff has provided no legal authority mandating that defendant has a duty to investigate a claim prior to the time it is tendered. Indeed, Washington courts have consistently held that "an insurer cannot be expected to anticipate when or if an insured will make a claim for coverage; the insured must affirmatively inform the insurer that its participation is desired." *Unigard Ins. Co. v. Leven*, 97 Wn. App. 417, 427 (1999); *see Time Oil Co. v. Cigna Prop. & Cas. Ins. Co.*, 743 F. Supp. 1400, 1420 (D. Wash. 1990) (explaining that the duty to defend only arises after the insured tenders the defense).

Furthermore, plaintiff has produced no evidence that defendant had knowledge of his claim prior to the date of tender. Plaintiff argues that his agent contacted T.J. Adams, the insurance broker who sold the policy to MidCorr, and therefore, defendant had knowledge of his claim as early as February 2003. However, the record demonstrates that defendant was notified only of a possible claim by Brent Patterson, another officer and director of MidCorr, but not plaintiff's possible claim. In addition, MidCorr notified defendant that no one would be submitting claims as a result of the litigation. Finally, plaintiff has not submitted admissible evidence demonstrating that anyone contacted T.J. Adams on his behalf. Instead he relies on a hearsay statement that an agent called T.J. Adams but did not receive any return phone calls. The Court cannot rely on such evidence to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 345 (9th Cir. 1995); *Blair Foods, Inc. v. Ranchers Cotton Oil,* 610 F. 2d 665, 667 (9th Cir. 1980).

With regard to plaintiff's second contention, the Court finds that plaintiff has raised issues of material fact. Plaintiff argues that defendant violated WAC 284-30-330(3), WAC 284-30-370 and WAC 284-30-380, by failing to adequately investigate his claim and by failing to

ORDER
PAGE - 3

adequately communicate about its investigation of the claim. WAC 284-30-330(3) makes the failure to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies an "unfair method[] of competition and unfair or deceptive act[] or practice[] in the business of insurance. . . ." Plaintiff first asserts that defendant violated that regulation by relying only on information fed to it by MidCorr's counsel during the renewal process rather than conducting an independent investigation, culminating in a denial under the wrong policy period. Plaintiff then presents *prima facie* evidence that defendant, by its delay and lack of notification, violated WAC 284-30-370. Defendant has failed to provide sufficient evidence to rebut its lack of proper notification.

However, this Court has already determined that defendant properly denied coverage of plaintiff's claim under the "insurer versus insurer" clause. That clause was the same in both policy periods 2002-2003 and 2003-2004. Thus, denial based on that clause was reasonable, despite the fact that defendant relied on the wrong policy period. Washington courts have continuously held that "a reasonable basis for denying coverage constitutes a complete defense to any claim that the insurer denied coverage in bad faith or in violation of the CPA." *Rizzuti*, 125 Wn. App. at 622 (citation omitted).

Plaintiff also appears to argue that defendant denied his claim in bad faith because it violated Washington statute by inserting exclusions specifically pertaining to him and his lawsuit in MidCorr's renewal policy. However, that claim has no merit. RCW 48.18.320 provides:

> No insurance contract insuring against loss or damage through legal liability for the bodily injury or death by accident of any individual, or for damage to the property of any person, shall be retroactively annulled by any agreement between the insurer and insured after the occurrence of any such injury, death, or damage for which the insured may be liable, and any such annulment attempted shall be void.

RCW 48.18.320. The D&O policy is not a general liability policy and does not cover bodily injury or property damage; therefore, this is inapplicable.

For that reason, and those set forth above, the Court concludes that the claim denial was

ORDER
PAGE - 4

not "unreasonable, frivolous, untenable or unfounded." *Smith*, 150 Wn.2d at 484. Accordingly, the Court finds that summary judgment in favor of defendant on plaintiff's bad faith and CPA claims is appropriate.

### III. CONCLUSION

Having reviewed defendant's motion for partial summary judgment (Dkt. #16), plaintiff's opposition (Dkt. #23), defendant's reply (Dkt. #25), the declarations in support of those briefs, and the remainder of the record, the Court hereby ORDERS:

(1) Defendant's Motion for Partial Summary Judgment on plaintiff's bad faith and consumer protection claims (Dkt. #16) is GRANTED, and this case is DISMISSED.

(2) The Clerk shall forward a copy of this Order to all counsel of record.

DATED this _5_ day of June, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 5